10-4407-cr
USA v. Collazo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            GERARD E. LYNCH,
            DENNY CHIN,
                        *Circuit Judges.*

───────────────────────────────────────────

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                          No. 10-4407-cr

DALIA PRELDAKAJ,

                *Defendant*,

SALVADOR COLLAZO,

                *Defendant-Appellant*.

───────────────────────────────────────────

For Defendant-Appellant:        RICHARD D. WILLSTATTER, Green & Willstatter, White Plains, N.Y.

For Appellee:                   CHRISTIAN R. EVERDELL (Lee Renzin, Iris Lan, *on the brief*), Assistant United States Attorneys, *of counsel, for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Salvador Collazo ("Collazo") appeals from an April 16, 2010 judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*), following a jury trial, convicting him of one count of conspiracy to commit visa fraud and immigration fee fraud, in violation of 18 U.S.C. § 371; one substantive count of visa fraud, in violation of 18 U.S.C. § 1546; and one count of making false statements to the federal government, in violation of 18 U.S.C. § 1001. We assume the parties' familiarity with the underlying facts and procedural history of this case.

On appeal, Collazo makes principally four arguments. First, he contends that the district court erred by refusing to admit into evidence pursuant to Rule 806, Fed. R. Evid., a hearsay statement made by his co-defendant, Dalia Preldakaj ("Preldakaj"), that Collazo contends was inconsistent with other statements by Preldakaj that were admitted during the government's case-in-chief. Specifically, Collazo argues that Preldakaj's statement that she "had to leave this office because there was no reason to do harm to a man who has no blame" (the "January 2009 Statement"), App. 130, was inconsistent with her statements that she and Collazo were "partners" and that "she wasn't the only one who knew what was going on," *id.* at 131. This claim lacks merit.[1]

---

[1] In his reply brief, Collazo argues for the first time that the January 2009 Statement was also inconsistent with Preldakaj's December 2009 statement to a witness that she had been arrested "because of mistakes somebody else has made." As this argument was not raised in Collazo's original brief, it is waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("raising an issue for the first time in a reply brief" is inadequate to preserve it for

This Court has long held that "[a] district court judge is in the best position to evaluate the admissibility of offered evidence." *United States v. Valdez*, 16 F.3d 1324, 1332 (2d Cir. 1994). Accordingly, a district court's evidentiary rulings, including decisions to admit or exclude hearsay statements, are reviewed for abuse of discretion. *United States v. Taubman*, 297 F.3d 161, 164 (2d Cir. 2002) (per curiam). "To find such abuse, [the Court] must conclude that the trial judge's evidentiary rulings were arbitrary and irrational." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (quoting *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006)).

Rule 806, Fed. R. Evid., establishes the means of impeaching the credibility of an out-of-court declarant whose statements are offered for their truth. *Id.* Rule 806 provides that when a hearsay statement is admitted into evidence, the credibility of the declarant may be attacked by any evidence that would be admissible for impeachment purposes if the declarant had testified as a witness. *Id.* Accordingly, "a hearsay declarant may . . . be impeached by showing that the declarant made inconsistent statements." *United States v. Trzaska*, 111 F.3d 1019, 1024 (2d Cir. 1997). To be inconsistent, statements "need not be diametrically opposed." *Id.* at 1024 (citation and internal quotation marks omitted). The inconsistency requirement is satisfied "if there is 'any variance between the statement and the testimony that has a *reasonable bearing on credibility*,'" *id.* at 1025 (quoting Charles A. Wright & Victor J. Gold, 28 *Federal Practice and Procedure* § 6203, at 514 (1993)) (alterations omitted), or, if the jury could "'reasonably find that a witness who believed the truth of the facts testified to would have been unlikely to make a

---

appellate review). Moreover, since the argument was not presented to the district court, it could be reviewed only for plain error in any event. And even if the argument were fully reviewable by us, it would fail, since the January 2009 Statement was no more inconsistent with this statement than with the other statements attributed to Preldakaj discussed in the text.

3

. . . statement of this tenor,'" *id.* (quoting John W. Strong *et al.*, 1 *McCormick on Evidence* § 34, at 115 (4th ed. 1992)).

The district court acted within its discretion by finding that Preldakaj's January 2009 Statement was not sufficiently inconsistent with her other two statements to come into evidence under Rule 806. Even assuming the two admitted statements could have been interpreted by the jury as Collazo suggests, the Government did not rely on them for that purpose. The district court's ruling, therefore, was not an abuse of discretion.

Second, Collazo avers that his due process right to participate in his own trial was violated because the government "sought and obtained preclusion of cross-examination . . . of some of its witnesses by providing the district court with *ex parte* submissions."[2] Pl. Br. 41. This argument too is unavailing.

Collazo did not object to the government's *ex parte* submissions or to the district court's rulings precluding cross examination. We therefore review only for plain error. *United States v. Martinucci*, 561 F.3d 533, 535 (2d Cir. 2009) (per curiam). The government is required to disclose to the defense material impeachment evidence relating to government witnesses. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). That obligation, however, does not require the prosecutor to "deliver his entire file to defense counsel." *United States v. Bagley*, 473 U.S. 667, 675 (1985). Rather, only *material* impeachment evidence must be disclosed. *Id.* at 675-76;

_____

[2] Collazo further asserts that he was "denied notice and an opportunity to be heard concerning these motions as they were made *ex parte* and without any record as to why the defendant should be prevented from seeing them." Pl. Br. 41. This argument, however, is belied by the record. The government disclosed to Collazo's trial counsel the general nature of the allegations against Special Agent Miguel Herrera and it was Collazo's attorney who then asked the government to provide these materials to the district court for *in camera* review. Additionally, although Collazo was not told that Special Agent Deirdre Gordon was the subject of the government's second *ex parte* submission, he was on notice that a submission was being made concerning another government witness and did not object.

4

*United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). This Court has articulated a procedure for determining whether impeachment evidence is material and must be disclosed. *See, e.g., United States v. Wolfson*, 55 F.3d 58, 60 (2d Cir. 1995). First, the government reviews its files and make its own determination as to "what evidence must be disclosed to the defense." *Leung*, 40 F.3d at 582. Next, "[t]o the extent that there is a question as to the relevance or materiality of a given group of documents, the documents are normally submitted to the court for *in camera* review." *Wolfson*, 55 F.3d at 60.

Collazo's claim that the district court's *in camera* review of potential *Giglio* evidence violated his due process rights must fail. The procedure adopted by the district court protected Collazo's interests and maintained the government's legitimate right to protect the confidentiality of its agents' records. *See Leung*, 40 F.3d at 582. Collazo objects that the procedure for allowing a trial court to determine whether information held by the government is material does not apply here because "[t]here was no dispute that the evidence constituted impeachment" evidence. Reply Br. 6. *Giglio*, however, compels disclosure only of evidence which is deemed to be "material." *See Giglio*, 405 U.S. at 153-54; *Bagley*, 473 U.S. at 675-76. And, under this Court's holding in *Leung*, a criminal defendant's right "to obtain *material* impeachment evidence" is "amply protected" when a trial court undertakes an "independent *in camera* review of relevant Government files to determine materiality." 40 F.3d at 582 (emphasis added).

We next turn to Collazo's argument that the district court failed to conduct an adequate inquiry into claims made by two alternate jurors that they could not be seated for deliberations. "[D]istrict courts have broad discretion to replace jurors at any time before the jury retires for deliberations." *United States v. Agramonte*, 980 F.2d 847, 850 (2d Cir. 1992) (per curiam). To

5

remove a juror, a court need only have "reasonable cause" to believe that the juror is unable or disqualified to serve according to her oath. *United States v. Gambino*, 951 F.2d 498, 503 (2d Cir. 1991). The Federal Rules of Criminal Procedure do not require any inquiry prior to the dismissal of a juror, much less dictate the nature or scope of such an inquiry. *See United States v. Reese*, 33 F.3d 166, 173 (2d Cir. 1994) (discussing Fed. R. Crim. P. 23(b)). "All that is needed to satisfy a prudent exercise of discretion is to be certain the trial court had sufficient information to make an informed decision." *Id.* The decision to excuse Alternate Jurors Nos. 1 and 2 was within the district court's discretion. These jurors informed the district court that they could not deliberate due to scheduling issues and the district court was permitted to credit these representations. While the district court could have asked the jurors additional questions, it was not required to do so. *See id.*

Finally, for the first time on appeal, Collazo argues that the district court erred in instructing the jury that "[y]ou have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities[, but t]he government is not on trial, and law enforcement techniques are not your concern." App. 108-09. Where, as here, a defendant did not make a specific and timely objection to a district court's legal instructions, those instructions are subject to review only for plain error. *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000). Additionally, this Court "'review[s] [jury] instructions as a whole to see if the entire charge delivered a correct interpretation of the law.'" *United States v. Carr*, 880 F.2d 1550, 1555 (2d Cir. 1989) (quoting *California v. Brown*, 479 U.S. 538, 541 (1987)).

The district court did not commit error by instructing the jury that the government does not have a legal obligation to use any particular investigative technique in preparing its case. *See*

6

*United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) (per curiam) ("[T]he government has no duty to employ in the course of a single investigation all of the many weapons at its disposal, and . . . the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged."). In addition to explaining to the jury that the government is not obligated to make its case through any particular form of evidence, the district court also explained that reasonable doubt may arise "out of the evidence or the lack of evidence in the case," App. 57. Thus, the jury must be presumed to have understood that it could acquit Collazo based on the lack of evidence, including the lack of testimony from a fingerprint expert.[3]

We have considered Collazo's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE , CLERK

---

[3] Collazo relies on cases in which a trial court impermissibly limited a defendant's ability to make arguments to the jury regarding the absence of certain kinds of evidence. *See, e.g., United States v. Hoffman*, 964 F.2d 21, 26 (D.C. Cir. 1992) ("It is permissible for a defense attorney to point out to the jury that no fingerprint evidence has been introduced and to argue that the absence of such evidence weakens the Government's case . . . ."); *United States v. Latimer*, 511 F.2d 498, 502-03 (10th Cir. 1975) (holding that defense counsel may comment on government's failure to introduce surveillance tapes of bank robbery for which appellant was charged). However, Collazo's reliance on these cases is misplaced because nothing in the record indicates that the district court imposed such a limitation on him.