United States v. Preldakaj

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 10th day of December,  two thousand twelve.

Present:        AMALYA L. KEARSE,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.
                LAWRENCE E. KAHN,[*]
                        *District Judge*.

───────────────────────────────────────────────────

UNITED STATES OF AMERICA.,

                        *Appellee*,


                -v-                                     10-4885


DALIA PRELDAKAJ,

                        *Defendant-Appellant.*

───────────────────────────────────────────────────

Appearing for Appellant:        LAWRENCE MARK STERN, New York, NY.

Appearing for Appellee:         LEE RENZIN Assistant United States Attorney, Of Counsel
                                (Christian R. Everdell, Iris Lan, Assistant United States Attorneys,
                                Of Counsel, *on the brief*), *for* Preet Bharara, United States
                                Attorney for the Southern District of New York, New York, NY.

─────────────────

        [*] The Honorable Lawrence E. Kahn, United States District Court for the Northern
District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-Appellant Dalia Preldakaj ("Preldakaj") appeals from a judgment entered on September 8, 2010 by the United States District Court for the Southern District of New York (Scheindlin, *J.*), following a jury trial, convicting her of one count of conspiracy to commit visa fraud and immigration fee fraud, in violation of 18 U.S.C. § 371; one substantive count of visa fraud, in violation of 18 U.S.C. § 1546; one substantive count of immigration fee fraud, in violation of 18 U.S.C. § 1422; one count of money laundering, in violation of 18 U.S.C. § 1956; one count of engaging in an illegal monetary transaction, in violation of 18 U.S.C. § 1957; and one count of witness tampering, in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 3147. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Preldakaj makes five arguments on appeal. First, she argues that we should reverse the judgment because the district court allowed hearsay inadmissible under Fed. R. Evid. 802. "Hearsay" is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). An out-of-court statement may be offered for a purpose other than to prove the truth of the matter asserted, which "generally raises two questions: first, whether the non-hearsay purpose by which the evidence is sought to be justified is relevant, . . . and second, whether the probative value of this evidence for its non-hearsay purpose is outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994) (internal citations omitted). "We review a trial judge's evidentiary rulings for abuse of discretion. Additionally, we will not order a new trial because of an erroneous evidentiary ruling if we conclude that the error was harmless." *United States v. Abreu*, 342 F.3d 183, 190 (2d Cir. 2003) (internal citations omitted). "[W]e will deem an evidentiary error harmless if we can conclude that the proof at issue was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (internal quotation marks omitted).

Preldakaj contends that there was improperly admitted hearsay evidence in testimony by three witnesses, Immigration and Customs Enforcement ("ICE ") Agent Erick Silverman, Collazo's immigration client Martha Mendoza, and Collazo's employee Viola Hidalgo, as well as testimonial statements by her co-defendant, attorney Salvador Collazo, after arrest. Collazo's post-arrest statements were redacted to remove mention of Preldakaj, satisfying the requirements for the admission of codefendant testimonial statements. *Richardson v. Marsh*, 481 U.S. 200, 207-09 (1987). Silverman's hearsay testimony was ordered stricken from the record, and the jury was instructed to "disregard" that testimony. "We presume that juries follow instructions[.]" *United States v. Whitten*, 610 F.3d 168, 191 (2d Cir. 2010). Mendoza's and Hidalgo's statements were not hearsay because they were not offered to prove the truth of the matters asserted. Weighing the evidence, we find that, due to the large volume of other evidence offered to prove Preldakaj's guilt, there was no danger of unfair prejudice. Finally, there was testimony by Hidalgo as to certain statements by Collazo that would have been hearsay with

2

respect to Preldakaj. The district court admitted that testimony only against Collazo, stating that the jury would be given a limiting instruction to that effect. Although the court erred in refusing to give such an instruction in its final jury charge because it mistakenly believed it had done so when the witness testified, we conclude, in light of the large volume of other admissible evidence received as to Preldakaj's guilt, that this was harmless error.

Second, Preldakaj argues that the district court gave an erroneous jury instruction with respect to Collazo's conscious avoidance. In instructing the jury with respect to a conspiracy charge against Collazo, pursuant to 18 U.S.C. § 371, the district court instructed the jury that "if you find beyond a reasonable doubt that a defendant chose to participate in the conspiracy alleged in this indictment, in considering whether [Collazo] knew the objects of the conspiracy, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact." Preldakaj argues that, because there can be no conspiracy unless there is agreement by "two or more persons," 18 U.S.C. § 371, this instruction allowed the jury to wrongly convict both Collazo and Preldakaj of conspiracy.

We "review a claim of error in jury instructions *de novo*, reversing only where appellant can show that, viewing the charge as a whole, there was a prejudicial error." *United States v. Tropeano*, 252 F.3d 653, 657-58 (2d Cir. 2001). When the defendant does not object to jury charges during trial, we review for plain error, which is an error that "affects a substantial right and seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000) (internal quotation marks omitted).

In this case, Preldakaj did not object to the jury charge during trial. Furthermore, the district court's charge was a proper statement of the law of our circuit. *See, e.g.*, *United States v. Reyes*, 302 F.3d 48, 55 (2d Cir. 2002) ("[T]he jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy."). Accordingly, the district court's instruction was not error, much less plain error.

Third, Preldakaj alleges that there was insufficient evidence to support the money laundering charge, 18 U.S.C. § 1956, and the engaging in an illegal monetary transaction charge, 18 U.S.C. § 1957. "Although the sufficiency of the evidence is reviewed *de novo*, the Court views the evidence in the light most favorable to the government and draws all inferences in favor of the government." *United States v. Henry*, 325 F.3d 93, 103 (2d Cir. 2003). "The conviction must be affirmed if any rational trier of fact could have found the essential elements of the crime." *Id.* (internal quotation marks omitted). Furthermore, we have held that "[t]o preserve the sufficiency issue and avoid the burden of showing plain error, a defendant must have moved for judgment of acquittal either at the close of all the evidence pursuant to Rule 29(a) or post-trial in a motion pursuant to Rule 29(c)." *United States v. Allen*, 127 F.3d 260, 264 (2d Cir. 1997) (emphasis omitted).

With respect to the engaging in an illegal monetary transaction charge, Preldakaj moved for an acquittal pursuant to Rule 29(c). Therefore, we review *de novo*. However, the government offered sufficient evidence to support the charge. The jury heard testimony that

3

Preldakaj deposited $165,000 into an account from February 2007 to July 2008, including money orders totaling $13,000 on March 17, 2008. Although Preldakaj contends that the government failed to connect that money to immigration fraud, there was evidence that many of the deposits consisted of $1,000 money orders, that immigration clients gave Preldakaj money orders, that Preldakaj requested money orders for her immigration work, that money orders were recovered from Preldakaj's office during a search, and that Preldakaj would often request that clients provide her with blank money orders. Viewing the evidence most favorably to and drawing all inferences in favor of the government, a rational jury could have inferred that the money Preldakaj deposited came from defrauded immigration clients.

With respect to the money laundering charge, Preldakaj did not move for an acquittal pursuant to Rule 29. Accordingly, we review for plain error. Preldakaj does not contest the evidence offered, but argues that the government must "trace" the money at issue to specific transactions. However, Preldakaj points to no case that supports this proposition. Accordingly there was no plain error.

Fourth, Preldakaj argues that the district court violated Fed. R. Crim. P. 24(c)(2)(B) and due process by excusing alternate jurors without adequate inquiry. We have already, in the appeal brought by Preldakaj's codefendant Collazo, rejected as without merit the challenge to the dismissal of these jurors. *See United States v. Collazo*, 456 F. App'x 56, 59-60 (2d Cir. 2012).

Finally, Preldakaj challenges the district court's application of the probation department's Sentencing Guideline range calculation in the Presentence Report ("PSR"). "[W]e review a district court's legal application of the Guidelines *de novo*, [and] we review its factual findings deferentially for clear error, bearing in mind that the standard of proof at sentencing is a preponderance of the evidence." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). When a district court miscalculates a defendant's Guidelines range, it commits procedural error that it can correct on remand. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008).

Preldakaj challenges the PSR on two grounds. First, the district court applied, pursuant to USSG § 2L2.1, a 6-point increase for offenses relating to immigration fraud involving 25-99 immigration documents. Preldakaj argues that the government did not prove by a preponderance of the evidence the involvement of 25-99 immigration documents. However, in the its sentencing memorandum, the government offered evidence that Preldakaj fraudulently filed immigration forms I-687 and I-765, identifying 80 specific forms that Preldakaj had fraudulently submitted. Accordingly, we find no error in the district court's application of the Guidelines.

Second, Preldakaj contends, and the government agrees, that the district court erred in applying, pursuant to USSG § 3B1.1(c), a 2-point enhancement for an "organizer, leader, manger, or supervisor in any criminal activity." For sentencing purposes, Preldakaj's convictions were grouped together, with the money laundering guidelines used. The district court properly looked to the underlying offense of visa fraud when calculating the base offense level. *See* USSG § 2S1.1(a)(1). However, Application Note 2(C) provides that enhancements should be applied based on the money laundering offense and not the underlying offense. Because the record does not show that Preldakaj was "a leader" of the money laundering offense, the 2-point enhancement was applied in error. Reviewing the district court *de novo*, we vacate and remand on this ground.

4

We have considered Preldakaj's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk