*Doe v. Lerner*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
　　　　　ROSEMARY S. POOLER,
　　　　　DENNY CHIN,
　　　　　　　　*Circuit Judges.*

---

JOHN DOE,

　　　　　*Movant-Appellee,*

　　　V.　　　　　　　　　　　　　　　　　　　　　　16-2935

RICHARD E. LERNER,

　　　　　*Respondent-Appellant,*

FREDERICK MARTIN OBERLANDER,

　　　　　*Appellant,*

ASSOCIATED PRESS,

　　　　　*Intervenor,*

RICHARD ROE, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, JODY KRISS,

　　　　　*Respondents.*

---

1

FOR APPELLANTS:                                    Richard E. Lerner, Esq., *pro se*, New York, NY.

                                                   Frederick M. Oberlander, Esq., *pro se*, Montauk, NY.

FOR APPELLEE:                                       Robert S. Wolf, Moses & Singer, LLP, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 21, 2016 Order, submitted for decision on April 10, 2017, is **AFFIRMED**.

Appellants Richard E. Lerner and Frederick M. Oberlander, attorneys proceeding *pro se*, appeal from a June 21, 2016 order partially denying their motion to unseal documents in a civil contempt proceeding based on their alleged dissemination of sealed documents in violation of court orders (the "Order"). They also appeal from the subsequent denial of reconsideration, but have waived review of that order by failing to challenge it on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, we conclude that we have jurisdiction to review the Order. Generally, we have appellate jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291; *see In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 35 (2d Cir. 2014). A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks and citation omitted). There are, however, exceptions to the final-judgment rule. To qualify as an exception to finality under the collateral-order doctrine, "the interlocutory order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995). We conclude that the partial denial of the Appellants' motion to unseal qualifies: (1) it conclusively determined the dispute over the sealed documents, (2) the sealing issue was distinct from the merits of the action, which concerned whether the Appellants violated court orders by disclosing certain information to the press, and (3) it is effectively unreviewable on appeal from a final judgment. *See id.; United States v. Erie Cnty., New York*, 763 F.3d 235, 238 n.5 (2d Cir. 2014) (exercising jurisdiction over denial of motion to unseal under the collateral order doctrine); *see also United States v. Cojab*, 996 F.2d 1404, 1406 (2d Cir. 1993) (same).

2

We review for abuse of discretion a district court's decision to seal proceedings or place documents under seal. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The public has a First Amendment right as well as a common law right to have access to judicial documents. *Id.* at 163-65. The First Amendment right applies to judicial documents implicated in civil contempt proceedings only when those documents "are derived from or are a necessary corollary of the capacity to attend the proceedings." *Id.* at 164 (internal citation, quotation marks, and alterations omitted). Only documents necessary to understand the merits of a civil contempt proceeding are covered by the First Amendment. *Id.* Even when the First Amendment right applies, it creates only a presumptive right of access, which can be overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values . . . [and] is narrowly tailored to achieve that aim." *Id.* at 165 (internal quotation marks omitted). The common-law right likewise applies only to judicial documents; however, unlike the First Amendment right, it attaches automatically but is balanced against "countervailing interests favoring secrecy." *Id.*

We conclude that neither the First Amendment nor the common law right of access is implicated here. None of the sealed documents were necessary to understand the merits of the civil contempt proceeding and there is a strong interest in secrecy because both John Doe's safety as a cooperator and the Government's interest in protecting the identity of cooperators are implicated. *See id.* at 164-65. The District Court created an unsealed docket for documents necessary to understand the merits of the civil contempt proceedings, and properly determined that sealing was appropriate for John Doe's Pre-Sentence Report ("PSR"), documents containing information sourced from the PSR, documents sealed in related proceedings, and documents submitted by the United States Attorney's Office addressing the John Doe's cooperation. *See id.*

The Appellants raise no successful challenges to the propriety of the District Court's Order. First, they challenge specifically the sealing of document 24, which is a letter from the Government about the continued threat to John Doe's safety. Even assuming that the letter is a judicial document, for the reasons discussed above, we conclude that its sealing does not violate the right to access. *See id.* Second, the Appellants' general challenges to the District Court's Order fail: the record shows that the District Court unsealed a large portion of the docket, correctly addressed the burden of proof as belonging to the proponent of sealing, and accurately determined that any arguments concerning the Appellants' right to disseminate information were irrelevant to the question of sealing.

## CONCLUSION

We have considered all of the arguments raised by appellants and find them to be without merit. For the foregoing reasons, the June 21, 2016 Order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk