19-1351
In Re: New York Times Motion

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty.

PRESENT: AMALYA L. KEARSE,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

In re: New York Times,

*Intervenor-Appellant*,

- - - - - - - - - - - - - - - - - - - - - - -

United States of America,

*Appellee*,

v.                                                     19-1351

Tim Leissner,

*Defendant*.

_____

FOR APPELLANT:                    AL-AMYN SUMAR, David E. McCraw,
                                  The New York Times Company, New
                                  York, NY.

FOR APPELLEE:                     ALIXANDRA E. SMITH, Assistant
                                  United States Attorney, Brian A.
                                  Benczkowski, Assistant Attorney
                                  General, Criminal Division, Jennifer
                                  E. Ambuehl, Woo S. Lee, Mary Ann
                                  McCarthy, Nikhila Raj, Katherine
                                  Nielsen, Trial Attorneys, Amy Busa,
                                  Drew G. Rolle, Assistant United
                                  States Attorneys, *for* Richard P.
                                  Donoghue, United States Attorney for
                                  the Eastern District of New York,
                                  Brooklyn, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders are **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** with instructions.

The New York Times Company (the "Times") appeals from (1) a November

2

8, 2018 sealed order of the United States District Court for the Eastern District of New York (Brodie, *J.*) sealing two portions of the transcript of a guilty plea hearing as well as the sealing order itself, and (2) an April 4, 2019 order declining to unseal the transcript and the November 8 sealing order.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand with instructions.

In the underlying criminal matter, former Goldman Sachs employee Timothy Leissner was charged by complaint, and later by information, with violating the anti-bribery and internal accounting controls provisions of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. §§ 78dd-1 *et seq.*, by engaging in a scheme to misappropriate billions of dollars from a Malaysian state-run investment fund. For approximately five months after the criminal complaint was filed in June 2018, the district court kept certain documents, docket entries, and Leissner's identity under seal. During this period, Leissner pleaded guilty to the crimes charged in the information in a closed proceeding.

---

[1] The existence and general effect of the November 8, 2018 sealed order has been publicly disclosed on the district court docket and in the parties' briefs on appeal.

On October 31, 2018, the district court unsealed many of the previously sealed materials, including a minute entry reflecting Leissner's guilty plea, as requested by the government. Shortly thereafter, the Times filed a letter seeking to unseal the entire plea transcript, and the government publicly filed a response consenting to the unsealing of a proposed redacted version of the transcript for the reasons set forth in a separately filed sealed letter. On November 8, 2018, the district court entered an order on the docket granting in part and denying in part the Times's motion to unseal the plea transcript and directing the government to publicly file its proposed redacted version of the plea transcript pursuant to a separate sealed order. The next day, the government publicly filed the redacted plea transcript.

On February 22, 2019, the Times filed a letter requesting that the district court "review the continued partial sealing of the [plea] transcript" and "consider unsealing its November 8 [sealing] order" as well. App'x 60–61. On April 4, 2019, after considering a sealed response from the government, the court declined to unseal the unredacted plea transcript or the November 8, 2018 sealing order. The Times then filed a motion for intervenor status, which the district court granted. The district court also created a separate civil matter, 19–mc–1133

4

(MKB), for filings related to the Times's unsealing requests. On May 3, 2019, the Times filed a timely notice of appeal from the April 4, 2019 order.

As an initial matter, we conclude that we have jurisdiction to review the district court's April 4, 2019 and November 8, 2018 sealing orders. With respect to the April 4, 2019 order, our jurisdiction is premised on the collateral-order doctrine. *See Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995); *see also, e.g., Doe v. Lerner*, 688 F. App'x 49, 50 (2d Cir. 2017). Although the Times did not file a notice of appeal from the district court's November 8, 2018 sealed order (despite knowing about the existence of that order from a separate public docket entry), we have pendent appellate jurisdiction to review the November 8, 2018 order because it is "inextricably intertwined" with the issue of whether the district court later erred in declining to unseal the plea hearing transcript or the November 8, 2018 sealed order itself. *See Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 81 (2d Cir. 2013); *Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 371–72 (2d Cir. 2004).

As to the validity of the district court's sealing orders, "we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Brown v. Maxwell*, 929

5

F.3d 41, 47 (2d Cir. 2019) (internal quotation marks omitted). Under both the common law and the First Amendment, there is a strong presumption of public access to judicial documents, including the transcript of the plea proceeding and the district court's November 8, 2018 sealing order. *See id.*; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). "In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order[s] [are] narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 47 (internal quotation marks omitted); *see also id.* at 47 n.13 (providing examples of such "higher values"). Additionally, a district court's order sealing certain documents may itself be sealed to the extent that disclosure of the sealing order would "reveal information entitled to remain confidential." *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (internal quotation marks omitted).

I. Redaction of Plea Hearing Transcript

The district court principally acted within its discretion in sealing approximately six pages of the forty-seven-page plea transcript on November 8, 2018, and declining to unseal the transcript six months later, on April 4, 2019. In

6

its November 8, 2018 order, the district court made specific and detailed factual findings in support of its sealing decision. We discern no clear error in the court's findings, and we agree that the presumption in favor of public access to the relatively small sealed portion of the plea transcript was overcome by higher values recognized under our decisions in *Brown*, *Lugosch*, and related cases.

Although the district court did not repeat its specific findings when, on April 4, 2019, it declined to unseal the unredacted plea transcript or the November 8, 2018 sealing order, the court expressly "considered the [Times's] application and the government's [sealed] response." App'x 4, 70. We note that, with the passage of six months, the district court could have been more explicit by stating that the circumstances at the time of its November 8, 2018 order had not materially changed so as to warrant unsealing. *See Brown*, 929 F.3d at 47 (specific findings are necessary to justify "*continued* sealing" (emphasis added) (quoting *Lugosch*, 435 F.3d at 121)); *see also, e.g.*, *United States v. Wolfson*, 55 F.3d 58, 60 (2d Cir. 1995). Nevertheless, like the district court, we have reviewed the government's sealed letter responding to the Times's unsealing request and conclude that it provides specific and detailed factual information that mainly supports the district court's decision to keep the unredacted plea transcript under seal. In these

7

circumstances, we see no need to remand for the district court to further explain its April 4, 2019 sealing decision; rather, we believe that the district court's express reliance on the government's sealed letter, combined with its specific findings in its prior sealing order, is sufficiently clear to satisfy our precedents.

Although we therefore largely affirm the district court's sealing orders as being within the court's discretion, we conclude that the district court abused its discretion to the limited extent that it sealed certain matters that were publicly disclosed at the time that the district court issued its sealing orders. Accordingly, we vacate the district court's sealing orders in part and remand with instructions to unredact, at a minimum, page 44, lines 23–25 and page 46, lines 4–7 of the plea transcript. In so doing, however, we acknowledge that an evolving factual situation can make the decision about whether to seal information challenging, even where, as here, the district court acts diligently. In addition, we note that, while this appeal was pending, the district court unsealed certain docket entries and documents that may reveal information contained in the redacted portions of the plea transcript. Accordingly, on remand the district should consider whether, and to what extent, other redacted portions of the plea transcript may now be unsealed in light of the court's intervening unsealing order or other changed

8

circumstances.

## II. Sealing of November 8, 2018 Order

The Times also challenges the district court's decision to seal the November 8, 2018 sealing order itself. While the government summarily maintains that the district court did not abuse its discretion in sealing the entire November 8, 2018 sealing order, the government presently "has no objection to the filing of a redacted version of the court's six-page order." Appellee's Br. at 36. Given that the government bears the burden of demonstrating that sealing is warranted, *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), and since it has now consented to the public filing of a redacted version of the November 8, 2018 order, we need not decide whether the district court abused its discretion in sealing the entire order at the time it was issued. Thus, we remand for the district court to publicly file a version of the November 8, 2018 order that unredacts at least those portions of the order unopposed by the government, and as further deemed appropriate by the court.

## III. Conclusion

For the foregoing reasons, we mainly **AFFIRM** the district court's November 8, 2018 and April 4, 2019 orders to seal portions of the plea transcript,

but **VACATE** these orders to the extent they seal the specific portions of the transcript indicated above. We also **REMAND** with instructions to the district court to publicly file a revised plea transcript and sealing order with redactions as the district court deems appropriate and which are consistent with this summary order. On remand, the Times may of course request that the district court unseal other parts of the record, and we expect that the district court and government will continue to independently examine whether, and to what extent, sealing in this case is warranted in light of changing circumstances. *See, e.g.*, *In re Grand Jury Subpoena*, 103 F.3d 234, 242–43 (2d Cir. 1996).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court