08-0104-cr
United States v. Martinucci

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Submitted: November 11, 2008                    Decided: April 8, 2009)

Docket No. 08-0104-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

*Appellee*,

-v.-

AMERICO A. MARTINUCCI,

*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: LEVAL, POOLER, and PARKER, *Circuit Judges*.

The defendant Americo A. Martinucci appeals from the sentence imposed on him by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) following his plea of guilty to a one-count indictment charging him with producing child pornography, in violation of 18 U.S.C. § 2251(a). Martinucci asserts on appeal that his sentence of 300 months imprisonment was unreasonably severe and that the court erred in considering hearsay information in determining the appropriate sentence. The Court of Appeals affirms the sentence.

<div style="margin-left:50%">

GLENN T. SUDDABY, United States Attorney, Northern District of New York (Miroslav Lovric, Brenda K. Sannes, Assistant United States Attorneys, *of counsel*) Syracuse, NY, for *Appellee*.

TERENCE L. KINDLON, Kindlon and Shanks, P.C., Albany, NY, for *Defendant-Appellant*.

</div>

Per Curiam:

The defendant Americo A. Martinucci appeals from the sentence imposed on him by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) following his plea of guilty to a one-count indictment charging him with producing child pornography, in violation of 18 U.S.C. § 2251(a).  Martinucci asserts on appeal that his sentence of 300 months imprisonment was unreasonably severe and that the court erred in considering hearsay information in determining the appropriate sentence.

Martinucci's offense involved his sexual abuse of a ten year old girl  The evidence showed the following.  The victim's family were very close friends of Martinucci, such that he had been at their home when they brought their newborn daughter, the victim, home from the hospital.  When the girl was ten years old and they were alone together,  Martinucci  had the young victim watch videotapes of adult pornography and bestiality.  He later took her to a cabin behind his home where he had her rub his penis and then had sexual intercourse with her.  The next day he took her to an office in a pizzeria which he ran, where he had set up a video camera. He again had sex with her, and recorded the act on videotape.  He then drove her to another residence and had sex with her again.  A few days later Martinucci had her watch the videotape he had made.  On another occasion, when the victim was at his residence for a party, he called out her name and exhibited his penis to her.

Three years later, the victim told her mother, and then the police, about Martinucci's offenses.  Under police surveillance she placed a telephone call to Martinucci (which was recorded) and accosted him with what he had done to her, expressing her fear that he would do the same to his own granddaughter. In response to her inquiry about the videotape, he told her

-2-

that he had long ago burned it. "That's all I got to do, keep it, so somebody will find it. Are you out of your mind or what?" In explanation of his acts, he said, "What I did, what we did . . . was because I wanted you to know everything about sex. Everything, so you wouldn't get hurt. That's the reason why I taught you every goddam thing. Or most everything." He then questioned her about whether she had told anyone, cautioning, "It's our business, it's nobody else's business. You understand?"

When the New York State Police interviewed him, he admitted that he had the victim touch his penis with her hand, but denied having had intercourse with her, and denied having ever touched anyone else inappropriately. When interviewed by the Probation Office after his guilty plea, he denied that he had sexual contact with the victim and denied making a videotape. He insisted that he had pleaded guilty only to making a telephone call.

At the sentencing proceeding, Martinucci asserted that he had made a guilty plea only because he was under a lot of pressure, and claimed he had pled only to a phone call and not to the charge against him. He again denied having had sex with the girl and sought to impeach her, asking, "Why did it take her three years to come forward if it was the truth, if it was the truth that she was raped, that she was abused, sexually abused?" He added, "I never touched that girl . . . I did nothing but good in my life, all my life."

The government provided the court with evidence of Martinucci's abuse of other young girls. This included an sworn deposition of a woman who in 1985 or 1986, when she was twelve years old, had worked in Martinucci's pizzeria. She stated that many times, when she went to the basement for supplies, Martinucci had pulled out his penis and had her rub it. He once tried to have intercourse with her, but stopped when he heard her mother calling her. The court also

considered depositions of three other young women, who testified to Martinucci's similar sexual abuse of them when they were twelve or thirteen years old. The court also heard evidence of serious emotional harm suffered by the victim.

Martinucci's offense level under the United States Sentencing Guidelines was 33, which indicated a sentence range of 135-168 months. His offense of conviction, however, required a mandatory minimum sentence of 180 months. 18 U.S.C. § 2251(e). The government's sentencing memorandum argued that under the sentencing factors prescribed by 18 U.S.C. § 3553(a) the court should sentence Martinucci more severely. As noted, the court determined to sentence above the Guidelines range and the mandatory minimum. It imposed a term of imprisonment of 300 months. In explanation, the court cited the great harm the defendant had done to the victim, as well as to other child victims of his abuse, the need for severe punishment, the importance of deterring others from committing similar offenses, and the need to protect other potential victims from the defendant. Finally, the court cited the defendant's complete lack of remorse, as evidenced by his denial at the sentencing proceeding of the very conduct he had admitted at his guilty plea.

## Discussion

We find no merit in the contentions Martinucci raises on appeal. For the first time on appeal, he contends the court should not have considered hearsay in determining his sentence. Because he did not preserve this objection in the proceedings in the district court, his claim is reviewed under the *plain error* standard. *United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007). In any event, regardless of the standard for appellate review, there is no merit to his claim. It has long been established that a district court may consider hearsay evidence in

determining the appropriate sentence if the evidence is of sufficient reliability. *See United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005). There was no error in the court's consideration of the depositions of Martinucci's other victims. There was no reason to doubt the reliability of the deponents, and Martinucci did not ask to be allowed to cross-examine them.

Nor is there merit to Martinucci's contention that the court acted unreasonably in departing upward under U.S.S.G. § 5K2.8 and imposing a term of imprisonment of 300 months. The district court conscientiously reviewed the pertinent sentencing factors specified by §3553(a) and concluded, considering the seriousness of the offense and the great harm inflicted on the victim, the defendant's recidivism, and his lack of remorse, that the need for punishment, for deterrence of others, and for protection of society justified the lengthy imprisonment term. The court did not exceed its sentencing discretion. *See Gall v. United States,* 128 S. Ct. 586, 595 (2007); *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2d Cir. 2006). In our view, the sentence was altogether appropriate.

<div align="center">Conclusion</div>

The judgment of conviction is affirmed.