United States v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         SUSAN L. CARNEY,
                    Circuit Judges,

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-2625

JASON BRODSKY, BRUCE DAIS, ALANA FIORENTINO,
         Defendants,

RALSTON WILLIAMS, AKA Chris,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              DANIEL S. NOOTER, Washington, DC.

1

**FOR APPELLEE:**                    MICHAEL E. RUNOWICZ, for Deirdre
M. Daly, United States Attorney
for the District of Connecticut
(Marc H. Silverman, on the
brief).

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ralston Williams appeals from the judgment of the United States District Court for the District of Connecticut (Bryant, J.) reducing his sentence by only 16 months. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm because the district court did not procedurally err in reducing Williams's sentence.

A jury convicted Williams of multiple drug offenses in 2012, and his resulting Sentencing Guidelines range was 168 to 210 months. The district court sentenced Williams at the bottom of the Guidelines range to 168 months imprisonment. In 2014, the United States Sentencing Commission promulgated Amendment 782, which reduced the base offense level for various drug offenses. The Sentencing Commission also authorized defendants who had already been sentenced for

2

drug offenses to move for retroactive reductions pursuant to 18 U.S.C. § 3582(c)(2).  Under the changes in Amendment 782, Williams's new Guidelines range was 135 to 168 months.

Williams's trial counsel asked to be reappointed to handle the § 3582(c)(2) proceeding, and the district court granted the motion.  A Presentence Report Addendum ("PSR Addendum") stated favorably that during his incarceration to date Williams had received no disciplinary tickets.  The government submitted a letter repeating that point and informing the court that it did not oppose a reduced sentence within the new Guidelines range.  When Williams's counsel failed to file a § 3582(c)(2) motion, the district court sua sponte reduced his sentence to 152 months.  In doing so, the district court observed that Williams lacked "empathy and appreciation for the significance of his conduct" and was thus "a significant risk of re-offending." Gov't Brief at 17.[1]  Williams then moved pro se seeking an explanation for why the district court did not reduce his sentence to 135 months, the bottom of his new Guidelines range (the court had previously sentenced him at the bottom of his Guidelines range at the initial sentencing).  The

---

[1] The district court made this observation in a sealed document that is not included in the appendix, but is quoted in the government's brief.  Williams does not dispute the accuracy of the quoted language.

district court granted the motion and stated that it had declined to reduce his sentence further due to the gravity of his criminal conduct and his lack of remorse at the initial sentencing.

Williams now argues that the district court erred by: 1) failing to adequately explain its decision; 2) failing to explicitly consider his conduct in prison; and 3) basing its decision in part on his lack of remorse.  We review the district court's decision for abuse of discretion, and we find none.  United States v. Figueroa, 714 F.3d 757, 759 (2d Cir. 2013) (per curiam).

On a § 3582(c)(2) motion, the district court must give "at least some minimal statement of reasons" for its decision, but a sentence reduction is "not subject to all of the procedural requirements that apply at sentencing" and the "explanation required need not be lengthy."  United States v. Christie, 736 F.3d 191, 195-97 (2d Cir. 2013).  The district court twice explained its sentence, first when imposing the reduced sentence, then in response to the pro se motion.  While some of the district court's explanations may appear to be boilerplate, the court explained that its decision was based on the dangerousness of Williams's criminal conduct, his lack of remorse at sentencing, and his significant risk of re-offending.  That explanation is

4

sufficient to allow us to exercise "meaningful appellate review," and it is therefore adequate. Christie, 736 F.3d at 195.

Williams next argues that the district court failed to consider his post-sentencing conduct in its decision. The district court was made aware of that conduct by the government's briefing and the PSR Addendum, and the sentence was in fact reduced. "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007). The district court did not abuse its discretion by failing to *explicitly* consider Williams's record in prison.

Finally, Williams argues that the district court should have given him notice that it would consider his "lack of remorse." But Williams concedes that Judge Bryant focused extensively on this subject at his original sentencing, and he thus had ample notice that the district court considered it important.[2] Lack of remorse is a legitimate factor under

---

[2] Williams correctly notes that some circuits require district courts to provide a defendant with notice and an opportunity to respond in a § 3582(c) proceeding. But these circuits do so only when district courts intend to rely on

5

§ 3553(a), and the district court did not abuse its discretion by considering it.  <u>United States v. Martinucci</u>, 561 F.3d 533, 535 (2d Cir. 2009) (per curiam).

For the foregoing reasons, and finding no merit in Williams's other arguments, we hereby **AFFIRM** the judgment of the district court.

<pre>
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
</pre>

---

*new* information not relied upon at the original sentencing. <u>See, e.g.</u>, <u>United States v. Jules</u>, 595 F.3d 1239, 1245 (11th Cir. 2010) ("[E]ach party must be given notice of an opportunity to contest new information relied on by the district court in a § 3582(c) proceeding."); <u>United States v. Foster</u>, 575 F.3d 861, 863-64 (8th Cir. 2009) (same); <u>United States v. Mueller</u>, 168 F.3d 186, 189 (5th Cir. 1999) (same).  Where, as here, "[a] court d[id] not . . . *rely* on new information," neither "party [is] entitled to any response" because "a § 3582(c)(2) proceeding is not a de novo re-sentencing."  <u>Jules</u>, 595 F.3d at 1245 (emphasis in original).