■ OCCIDENTAL CHEMICAL CORPORATION et al., Appellants, v HARTFORD ACCIDENT AND INDEMNITY COMPANY et al., Respondents.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court improperly denied plaintiffs' motion seeking an order pursuant to CPLR 3104 (d) to set aside the determination of the Discovery Referee insofar as it directed plaintiffs "to produce privileged material gathered and prepared by their counsel in the defense of the underlying actions [commenced against them] relevant [to] the issues of liability and damages". Those actions seek recovery for personal injury and property damage arising from chemical contamination at Love Canal and other sites on the Niagara Frontier. The record shows that the parties expressly agreed that plaintiffs reserved their rights to assert the attorney-client privilege *(see,* CPLR 3101 [b]; 4503 [a]), to invoke the work-product immunity under CPLR 3101 (c), and to invoke the immunity from production afforded to materials prepared for litigation under CPLR 3101 (d) (2). In light of the parties' contentions, unless an exception to the privileges set forth in CPLR 3101 (b), (c) and (d) (2) applies, the material that defendants now seek is privileged or otherwise not discoverable *(see, Manufacturers & Traders Trust Co. v Servotronics, Inc.*, 132 AD2d 392). Therefore, it was necessary for the court to determine whether plaintiffs had properly asserted those privileges regarding disclosure of the unidentified material that their attorneys generated in the underlying actions. That it failed to do *(see, American Reliance Ins. Co. v National Gen. Ins. Co.*, 174 AD2d 591, 593).

Furthermore, under the circumstances of this case, plaintiffs

did not waive the right to assert the attorney-client privilege under the issue injection theory by suing for indemnity on the insurance policies that defendants issued to them (see, Jakob-leff v Cerrato, Sweeney & Cohn, 97 AD2d 834, 835). Additionally, upon our review of the record, we conclude that defendants have made no showing that the unidentified material sought cannot be obtained through ordinary pretrial disclosure or is otherwise unobtainable (see, American Reliance Ins. Co. v National Gen. Ins. Co., supra, at 593).

Finally, in view of our determination, it is unnecessary to address plaintiffs' remaining contentions. (Appeal from Order of Supreme Court, Niagara County, Kane, J.—Discovery.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.