**In re W.R. GRACE & CO.—CONN., Petitioner.**

**Docket Nos. 92–3065, 92–3066.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 6, 1993.

Decided Jan. 26, 1993.

Philip G. Barber, Anderson Kill Olick & Oshinsky, New York City, submitted papers, for petitioner.

John P. Groarke, Wiley, Rein & Fielding, Washington, D.C., submitted papers, for respondent Maryland Cas. Co.

Thomas R. Newman, Martin P. Lavelle, Newman & Harrington, New York City, submitted papers, for respondent Unigard

Security Ins. Co. and American Re–Insurance Co.

Before: FEINBERG, NEWMAN, and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

These petitions for writs of mandamus seek to obtain interlocutory appellate review of two discovery orders denying claims of attorney-client and work-product privilege. The claims concern documents of an insured sought by an insurance carrier that has denied an alleged obligation to defend a liability claim. Because we conclude that the circumstances do not warrant interlocutory review through use of mandamus, we deny the petitions, without consideration of the merits of the underlying privilege claims.

### Facts

These petitions arise out of two declaratory judgment actions, *Maryland Casualty Co. v. W.R. Grace & Co.—Conn.*, No. 83 Civ. 7451 (LAB) (S.D.N.Y. filed Oct. 11, 1983), and *Maryland Casualty Co. v. W.R. Grace & Co.,—Conn.*, No. 88 Civ. 2613 (SWK) (S.D.N.Y. filed Apr. 13, 1988). In both actions, Maryland Casualty Co. ("Maryland") seeks a declaration that it is not obligated to provide coverage or to defend with respect to asbestos-related property damage claims pending against W.R. Grace & Co.—Conn. ("Grace"). Because Maryland has declined to defend Grace, Grace has retained outside counsel to prepare its defense of the underlying claims. Grace's relationship with its outside counsel has generated documents alleged by Grace to be protected by attorney-client and work-product privileges. Maryland moved to compel production of the allegedly privileged documents, relying on the so-called "common interest" doctrine. *See generally* 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 503(d)(5)[01] (1992). Maryland contended that it shared with Grace a common interest sufficient to defeat attorney-client and work-product privileges.

On November 4, 1991, Magistrate Judge Bernikow granted Maryland's motion. His subsequent order compelling production was entered in both civil actions. No. 83 Civ. 7451 (LAB) had been referred to him for all purposes pursuant to 28 U.S.C. § 636(c) (1988 & Supp. II 1990); in No. 88 Civ. 2613 (SWK), he is supervising discovery for Judge Kram. Magistrate Judge Bernikow relied primarily on *Occidental Chemical Corp. v. Hartford Accident and Indemnity Co.*, No. 41009/80 (N.Y.Sup.Ct. May 7, 1991), a state court decision upholding the right of an insurer, defending a policyholder under a reservation of right, to discovery documents under the "common interest" doctrine. The state court decision was subsequently reversed on June 5, 1992. *Occidental Chemical Corp. v. Hartford Accident and Indemnity Co.*, 184 A.D.2d 1038, 584 N.Y.S.2d 247 (4th Dep't 1992). Grace then sought reconsideration, which was denied by Magistrate Judge Bernikow partly on the ground that the Appellate Division's reversal had not turned on the "common interest" doctrine. That denial prompted Grace to move the Appellate Division for clarification of its June 5 decision. The Appellate Division denied the motion for clarification without elaboration. *Occidental Chemical Corp. v. Hartford Accident and Indemnity Co.*, No. 465/92, 1992 N.Y.App.Div. Lexis 11812 (4th Dep't Oct. 7, 1992).

Grace then filed its petition for writ of mandamus in No. 92–3066 to compel Magistrate Judge Bernikow to vacate his July 7, 1992, order denying reconsideration and to reconsider his November 4, 1991, order compelling production in No. 83 Civ. 7451 (LAB). In No. 92–3065, Grace sought a writ of mandamus directing Judge Kram to rule on Grace's objection to Magistrate Judge Bernikow's July 7, 1992, ruling in No. 88 Civ. 2613 (SWK). Judge Kram subsequently ruled on Grace's objection, upholding Magistrate Judge Bernikow's ruling. We subsequently requested the respondents to answer the petitions; we stated that we would deem the petition in No. 92–3065 as requesting from Judge Kram the same relief requested from Magistrate Judge Bernikow in No. 92–3066.

## Discussion

■ Pretrial discovery orders are generally not appealable, *see, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682, 685 (2d Cir.1989), and we have expressed reluctance to circumvent this salutary rule by use of mandamus, *see, e.g., In re United States,* 680 F.2d 9, 12 (2d Cir.1982). On rare occasion, however, we have used mandamus petitions to review discovery orders alleged to impair claims of attorney-client privilege. *See Chase Manhattan Bank, N.A. v. Turner & Newall, PLC,* 964 F.2d 159, 163–65 (2d Cir.1992) (*"Turner & Newall"*); *In re von Bulow,* 828 F.2d 94, 100–04 (2d Cir.1987). However, we have also recognized that the existence of a claim of attorney-client privilege will not routinely permit review of discovery orders via mandamus. *See In re Weisman,* 835 F.2d 23, 25–27 (2d Cir.1987); *Xerox Corp. v. SCM Corp.,* 534 F.2d 1031, 1032 (2d Cir.1976); *International Business Machines Corp. v. United States,* 480 F.2d 293, 298–99 (2d Cir.1973) (in banc), *cert. denied,* 416 U.S. 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974).

■ *Turner & Newall* identified three factors that make mandamus review of discovery orders relating to claims of privilege appropriate: "(i) an issue of importance and of first impression is raised; (ii) the privilege will be lost in the particular case if review must await a final judgment; and (iii) immediate resolution will avoid the development of discovery practices or doctrine undermining the privilege." 964 F.2d at 163. We deemed those criteria met in *Turner & Newall,* where a Magistrate Judge had required documents alleged to be privileged to be turned over to opposing counsel without a prior ruling on the claim of privilege, and in *In re von Bulow,* where a District Judge had ruled that the privilege was lost because of defense counsel's authorship of a book.

■ Though the contours of the "common interest" doctrine are significant and deserve careful consideration in the varied circumstances that may arise in relationships between an insured and its insurer, we do not believe that determination of the doctrine's applicability in each case presents such a novel and important issue as to warrant mandamus review, nor do we think that even an erroneous application of the doctrine, if such should occur, poses a significant risk of undermining the privilege. The issue is available for development in the course of pre-trial rulings in the district courts, with the opportunity for interlocutory review available in those cases eligible for certification under 28 U.S.C. § 1292(b) (1988). Neither judicial officer certified a ruling for such review in either of the pending actions.

Accordingly, without expressing any view on the merits of the discovery dispute at issue, we deem the matter inappropriate for mandamus, and deny the petitions for mandamus.