57 F.3d 236
 Arthur SCHWARTZ, Plaintiff,
v.
The CITY OF NEW YORK, Defendant-Appellee,
and
Terrance Collins, John Carney and Darin Bured, Defendants-Appellants,
and
Frank McDermott, Defendant,
in their individual and official capacity as Police Officers
employed by the New York City Department of Police.
 No. 1376, Docket 94-9047.
 United States Court of Appeals,
Second Circuit.
 Argued May 8, 1995.
Decided June 15, 1995.
 
 Joel Berger, Office of Corp. Counsel, New York City (Paul A. Crotty, Corp. Counsel, The City of New York, Leonard J. Koerner, Pamela Seider Dolgow, Fay Ng, New York City, of counsel) for defendant-appellee.
 Raymond E. Kerno, Lake Success, NY (Lysaght, Lysaght & Kramer, Lake Success, NY) for defendants-appellants.
 Before: NEWMAN, Chief Judge, CARDAMONE and PARKER, Circuit Judges.
 PARKER, Circuit Judge:
 
 
 1
 New York City police officers Terrance Collins, John Carney and Darin Bured, defendants below, have filed this appeal from an interlocutory order entered on September 16, 1994 in the United States District Court for the Eastern District of New York, Raggi, Judge. The order granted a motion by the Corporation Counsel of the City of New York for leave to withdraw as counsel for the three officers. Because the order is not a final judgment for purposes of 28 U.S.C. Sec. 1291 and does not fall within the "collateral order" exception to the final judgment rule, the appeal is dismissed for want of jurisdiction.
 
 
 2
 Plaintiff Arthur Schwartz sued the three officers and the City of New York City under 42 U.S.C. Sec. 1983 after he was allegedly beaten following a minor traffic incident. Corporation Counsel for the City initially undertook representation of all defendants pursuant to New York State General Municipal Law Sec. 50-k(2) (McKinney 1986), which provides in relevant part:
 
 
 3
 At the request of the employee ... the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court ... arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.
 
 
 4
 (Emphasis added.) Subsequently, Corporation Counsel moved to be relieved as counsel for the officers after the Civilian Complaint Review Board found that Schwartz's complaint against Collins was substantiated in important respects--in effect, that Collins had acted in violation of police department rules. Corporation Counsel also felt that, because Bured and Carney backed Collins's version of events, it would be a conflict to represent both the City and the individual officers. The district court granted the motion.
 
 
 5
 The collateral order doctrine is a narrow exception to the general rule that interlocutory orders are not appealable as a matter of right. Its "reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). The doctrine provides that appeals may be taken from prejudgment orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949).
 
 
 6
 In Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457-58, 57 L.Ed.2d 351 (1978), the Supreme Court set forth three requirements to fit the exception: the interlocutory order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.
 
 
 7
 In Richardson-Merrell Inc. v. Koller, 472 U.S. at 431, 105 S.Ct. at 2761, the Supreme Court noted that the test is "strictly applied ... when parties pursue[ ] immediate appeal of trial court rulings on motions to disqualify counsel." The Court held that an order disqualifying counsel in a civil case does not meet the Coopers & Lybrand test, for the following reasons:
 
 
 8
 [I]f establishing a violation of one's right to counsel of choice in civil cases requires no showing of prejudice, then "a pretrial order violating the right does not meet the third condition for coverage by the collateral-order exception: it is not 'effectively unreviewable on appeal from a final judgment.' " Absent a requirement of prejudice, the propriety of the trial court's disqualification order can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal.
 
 
 9
 ... If [on the other hand] the nature of the right to representation by counsel of one's choice is that "[it] is not violated absent some specifically demonstrated prejudice," then a disqualification order, though "final," is not independent of the issues to be tried. Only after assessing the effect of the ruling on the final judgment could an appellate court decide whether the client's rights had been prejudiced.
 
 
 10
 Id. at 438-39, 105 S.Ct. at 2765 (quoting Flanagan v. United States, 465 U.S. 259, 268, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288 (1984)).
 
 
 11
 Like the order in Richardson-Merrell, the order at issue here, permitting the Corporation Counsel of the City of New York to withdraw as counsel for the three officers, also fails the second and third Coopers & Lybrand requirements. First, whether the City is obligated to represent the officers in this action cannot be separated from the merits of the action, because the question turns in part on precisely what the officers did: if an officer's conduct was in violation of a rule or regulation of the New York City Police Department, the City (through its Corporation Counsel) does not have an obligation to defend the officer under Sec. 50-k(2). Second, the order is not effectively unreviewable on appeal from a final judgment, because if it is ultimately determined that the City is obligated under Sec. 50-k(2) to provide for the officers' defense, the City can simply be ordered to pay the officers' attorneys' fees. The officers' rights will not have been irretrievably lost in the process. After all, Sec. 50-k(2) requires only that "the city shall provide for the defense" of a city police officer in certain circumstances; the statute does not require the Corporation Counsel to do so.
 
 
 12
 Accordingly, because the disputed order is not a final judgment and the requirements of the collateral order doctrine are not satisfied, the appeal is dismissed for lack of jurisdiction.