Robert CARDEW, Plaintiff–Appellant,

v.

Glenn S. GOORD, Commissioner, New York State Department of Corrections, Thomas G. Egan, Director Inmate Grievance Program, Leonard A. Portuondo, Superintendent Shawangunk Corr. Facility, Jimmie Harris, Deputy Supt. Programs, Robert Cunningham, Senior Counselor, Frank Chiapperino, Counselor Shawangunk

Corr. Facility, Elias Carrillo, Deputy Supt. Programs Sing Sing Corr. Facility, Donald Galgano, Senior Counselor Sing Sing Corr. Facility, Richard Gerber, Counselor Sing Sing Corr. Facility, Dennis Waggoner, Senior Counselor Attica Corr. Facility, Defendants–Appellees,

Alvin McAlpine, Eddie Mae McAplpine, Defendants.

Docket No. 01–0068.

United States Court of Appeals, Second Circuit.

Nov. 6, 2001.

Robert Cardew, pro se.

Eliot Spitzer, Attorney General of the State of New York; Nancy A. Spiegal, Assistant Solicitor General, Julie S. Mereson, Assistant Solicitor General, of counsel, Albany, NY, for appellees.

Present CARDAMONE, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court dismissing the appellant's motion for a preliminary injunction be and it hereby is AFFIRMED, and that the remainder of the appellant's appeal be and it hereby is DISMISSED.

The plaintiff, Robert Cardew, *pro se, in forma pauperis,* and incarcerated, appeals from an order by the district court denying his motion for injunctive relief and denying his motion requesting that his court filing fee be deducted from his "Lag Pay/Gate Money trust account" rather than his inmate account.

On April 26, 2000, the plaintiff filed a complaint under 42 U.S.C. § 1983 against several employees and officials of the New York State Department of Corrections ("DOCS"), and two private individuals, Alvin McApline and Eddie Mae McAlpine. The plaintiff alleges that the defendants violated his constitutional rights by initiating a "negative correspondence order," which prohibited the plaintiff from mailing legal papers to Alvin McAlpine and thereby prevented him from prosecuting his state court lawsuit against the McAlpines. Pursuant to his complaint, the plaintiff filed two motions. First, the plaintiff requested that his district court filing fee be deducted in part from his "Lag Pay/Gate Money trust account" rather than solely from his inmate fund account. Second, the plaintiff moved the district court to enjoin the DOCS defendants from threatening him with disciplinary sanctions for pursuing his legal action against the McAlpines.

The district court denied both motions. On the plaintiff's motion regarding his filing fee, the district court found that the plaintiff had suffered no prejudice from the alleged failure to deduct funds from his "Lag Pay/Gate Money trust account" be-cause the plaintiff was permitted to proceed with his action regardless of whether his filing fee was paid in full. And on the plaintiff's motion for an injunction, the district court ruled that the issue was moot because the DOCS employees had eliminated all restrictions on the plaintiff's right to communicate with the McAlpines, including the removal of the plaintiff from the "negative correspondence list." The plaintiff now appeals both of these dismissals.

■ We conclude that we lack jurisdiction to hear the plaintiff's appeal of the district court's denial of his filing fee motion. A district court order is appealable to this Court only under limited circumstances, including: (1) as a final decision under 28 U.S.C. § 1291; (2) as a certified interlocutory order under § 1292(b); (3) as an order encompassed by § 1292(a); and (4) as an interlocutory order under the collateral order doctrine. *See Schwartz v. City of New York,* 57 F.3d 236, 237 (2d Cir.1995). The district court's denial of the plaintiff's filing fee motion does not fall into any of these categories. It is not a final order, not certified, and not encompassed under § 1292(a). It is also not covered by the collateral order doctrine, because it is not effectively unreviewable on appeal from a final judgment. *See Schwartz,* 57 F.3d at 237. We thus dismiss the plaintiff's appeal of the district court's denial of his filing fee motion.

■ As for the plaintiff's motion for injunctive relief, we agree with the district court that it was rendered moot by the defendants' actions. The plaintiff argues that dismissal for mootness is inappropriate because the defendants might again attempt to interfere with his lawsuit against the McAlpines in the future. However, relief is available should the alleged interference recur, because the dis-

trict court granted the plaintiff leave to file a renewed motion based on future incidents. Because the courthouse door remains open to the plaintiff, we are unable to conclude that the district court's denial of the plaintiff's motion for a preliminary injunction constituted an abuse of discretion. *See Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996).

Having carefully considered the plaintiff's and defendants' arguments, we **AFFIRM** the judgment of the district court denying the plaintiff's motion for a preliminary injunction, and we **DISMISS** the remainder of the plaintiff's appeal.