12-4639-cv
Lee v. Fancy Mayflower Cleaners, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:  GERARD E. LYNCH,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

JOSE LUIS PEREYRA,

            *Plaintiff - Counter-Defendant*

C.K. LEE, ESQ.,

            *Appellee*,

            v.                                    No. 12-4639-cv

FANCY MAYFLOWER CLEANERS, INC.,
DAEKYUNG BAE, AKA DAMON BAE,
FANCY 57 CLEANERS, INC.,
FANCY HARLEM CLEANERS, INC.

            *Defendants - Counter-Claimants -*
            *Appellants,*

HEE NAM BAE, MYOUNG S. BAE,

_____

FOR APPELLANT:        SAMUEL CHUANG, Law Offices of Samuel Chuang, Flushing, New York.

FOR APPELLEE:         C.K. LEE, Lee Litigation Group, PLLC, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of appellate jurisdiction.

Defendants-appellants Fancy Mayflower Cleaners, Inc., Daekyung Bae, Fancy 57 Cleaners, Inc., and Fancy Harlem Cleaners, Inc. (collectively "Fancy") appeal from orders entered September 25, 2012, and October 26, 2012, in the United States District Court for the Southern District of New York, granting the motion of appellee – former co-counsel to appellants, C.K. Lee – to withdraw as attorney of record for Fancy, and denying Fancy's motion for reconsideration of that decision, respectively.  The district court granted Lee's motion to withdraw because it concluded that Lee had irreconcilable differences with Fancy pertaining to post-trial and appellate litigation.  This appeal is one of two related appeals pending before this Court, the second having been filed following entry of judgment in the underlying case.

_____

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Pursuant to 28 U.S.C. § 1291, the courts of appeals have jurisdiction over "appeals from all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. Ordinarily, a party may not take an appeal under section 1291 "until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (quotation marks omitted).

Despite this general rule, orders that do not finally resolve a case may be appealed immediately if they satisfy the requirements of the collateral order doctrine. That doctrine renders appealable a small class of rulings "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). In addition, we have held that "a premature notice of appeal from a nonfinal order may ripen into a valid notice of appeal if a final judgment has been entered by the time the appeal is heard and the appellee suffers no prejudice." *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1054-55 (2d Cir. 1993) (quotation marks omitted).

Although the parties do not contest the issue, we have an independent obligation to assure ourselves of the existence of appellate jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Fancy proffers two bases on which this Court

3

may exercise jurisdiction over its appeal. First, Fancy suggests that the district court's orders fall within the collateral order doctrine. Second, Fancy contends that we have jurisdiction over the appeal because, following the filing of Fancy's instant notice of appeal, the district court entered a final judgment in the underlying action. Neither of the proffered grounds gives this Court jurisdiction to hear the present appeal, and accordingly, the appeal must be dismissed.

The order granting Lee's motion to withdraw does not satisfy the requirements of the collateral order doctrine, and is therefore not immediately appealable. *See Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995) (concluding that order granting Corporation Counsel's motion to withdraw as counsel "is not a final judgment for purposes of 28 U.S.C. § 1291 and does not fall within the 'collateral order' exception to the final judgment rule"). An interlocutory order is immediately appealable if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). In this case, as in *Schwartz*, the *Coopers & Lybrand* requirements are not satisfied. Even assuming that the order at issue is separable from the underlying merits of the case, the order is not effectively unreviewable on appeal from a final judgment. By the same logic, the district court's order denying reconsideration of its decision to permit counsel to withdraw at his own request is also not immediately appealable.

4

Moreover, even if the instant notice of appeal, which pertains to clearly interlocutory decisions, is capable of ripening into a proper appeal upon entry of final judgment, *but see FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991), it has not done so here. Although the district court entered a final judgment in this case on March 22, 2013, that judgment was effectively rendered nonfinal by the filing of certain post-judgment motions with the district court. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (noting that rules depriving notice of appeal of effectiveness during pendency of certain post-judgment motions "work to implement the finality requirement of 28 U.S.C. § 1291 by preventing the filing of an effective notice of appeal until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment"). Accordingly, the present appeal has not ripened into a proper appeal, and because it is not independently appealable, there is no appellate jurisdiction over the appeal.[1]

For the foregoing reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Consideration of the instant appeal is particularly ill-advised in light of the absence from this appeal of the plaintiff Jose Luis Pereyra. If the district court's decision to permit Lee to withdraw turns out to have been erroneous, whatever remedy appellants might seek to cure that error could prejudice the interests of absent parties, particularly the plaintiff, who have not had the opportunity to present their positions to this Court. To the extent that Fancy claims any prejudice from the district court's decision to grant Lee's motion to withdraw, the propriety of that decision is better considered in connection with Fancy's appeal from the final judgment.