16-4321(L)
*United States v. Serrano*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2016

Nos. 16-4321(L); 17-461(CON)

UNITED STATES OF AMERICA,
*Appellee,*

v.

PEDRO SERRANO, a/k/a "Louis Ortiz,"
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Southern District of New York

ARGUED: APRIL 25, 2017
DECIDED: MAY 10, 2017

Before: KEARSE, CALABRESI and CABRANES, *Circuit Judges*.

Defendant Pedro Serrano appeals from two orders of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*). Serrano, who was convicted of possessing ammunition as a felon in violation of 18 U.S.C § 922(g)(1), successfully moved for a new trial based on erroneous jury instructions pursuant to Federal Rule of Criminal Procedure 33, prior to the entrance of judgment or sentencing. Serrano also moved for a judgment of acquittal based on insufficient evidence pursuant to Federal Rule of Criminal Procedure 29, and for a dismissal of the indictment under the Double Jeopardy Clause of the United States Constitution, both of which the District Court denied. Serrano appeals the District Court's denials of his Rule 29 and double jeopardy motions and moves to stay his retrial in the District Court pending the resolution of his appeals. The Government, *inter alia*, opposes the stay and moves for summary affirmance of the District Court's double jeopardy order.

We lack jurisdiction to consider Serrano's appeals. First, Serrano's has not stated a colorable double jeopardy claim that may be appealed before final judgment, as no event has occurred to terminate his original jeopardy from his first trial. Second, as we have previously held, the denial of a Rule 29 motion does not fall within the scope of the collateral order doctrine and may not be appealed prior to a final judgment.

Accordingly, Serrano's appeals are **DISMISSED** for lack of appellate jurisdiction, and all pending motions are **DISMISSED AS MOOT**.

EDWARD S. ZAS (Amy Gallicchio, Barry D. Leiwant, Annalisa Mirón, Of Counsel, *on the brief*), Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Defendant-Appellant*.

DAVID W. DENTON, JR., Assistant United States Attorney, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant Pedro Serrano appeals from two orders of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*). Serrano, who was convicted of possessing ammunition as a felon in violation of 18 U.S.C § 922(g)(1), successfully moved for a new trial based on erroneous jury instructions pursuant to Federal Rule of Criminal Procedure 33,[1] prior to the entrance of judgment or sentencing. Serrano also moved

---

[1] Rule 33 states, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

for a judgment of acquittal based on insufficient evidence pursuant to Federal Rule of Criminal Procedure 29,[2] and for a dismissal of the indictment under the Double Jeopardy Clause of the United States Constitution, both of which the District Court denied. Serrano appeals the District Court's denials of his Rule 29 and double jeopardy motions and moves to stay his retrial in the District Court pending the resolution of his appeals. The Government, *inter alia*, opposes the stay and moves for summary affirmance of the District Court's double jeopardy order.

We lack jurisdiction to consider Serrano's appeals. First, Serrano has not stated a colorable double jeopardy claim that may be appealed before final judgment, as no event has occurred to terminate his original jeopardy from his first trial. Second, as previously held by this court, the denial of a Rule 29 motion does not fall within the scope of the collateral order doctrine and may not be appealed prior to a final judgment.

Accordingly, Serrano's appeals are **DISMISSED** for lack of appellate jurisdiction, and any pending motions are **DISMISSED AS MOOT**.

---

[2] Under Rule 29, "[a] defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict . . . ." Fed. R. Crim. P. 29(c)(1). "[A] district court will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (citations omitted).

4

## BACKGROUND

In June 2016, a jury convicted defendant Pedro Serrano of possessing ammunition as a felon. On July 22, 2016, prior to sentencing, Serrano filed two motions. First, he filed a motion for a judgment of acquittal pursuant to Rule 29, arguing that the Government's evidence at trial was insufficient to permit a reasonable jury to convict him. Second, he filed a motion for a new trial pursuant to Rule 33 on the ground that the District Court's jury instructions were flawed. Specifically, Serrano argued that the District Court erred in its jury instructions on "conscious avoidance"—*i.e.*, that "knowledge of a criminal fact may be established where the defendant consciously avoided learning the fact while aware of a high probability of its existence."[3] Serrano contended that the District Court's instructions failed to include an "actual belief" proviso, required by our precedent, "advising the jury that it cannot find knowledge of the [criminal] fact if the defendant actually believed the contrary."[4]

---

[3] Def.'s Mem. at 10–11, *United States v. Serrano*, No. 16-cr-169 (S.D.N.Y. July 22, 2016), ECF No. 75 (quoting *United States v. Sicignano*, 78 F.3d 69, 71 (2d Cir. 1996)).

[4] *Id.* at 11 (quoting *Sicignano*, 78 F.3d at 71). The District Court's jury instructions on conscious avoidance were as follows:

> In determining whether the defendant acted knowingly you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. In other words, if you find that the defendant was aware of a high probability that

On December 15, 2016, the District Court issued a decision on Serrano's Rule 29 and Rule 33 motions.[5] It denied Serrano's Rule 29 motion for acquittal, finding the evidence sufficient to support the jury's guilty verdict.[6] But it granted his Rule 33 motion for a new trial, holding that its jury instructions on conscious avoidance were indeed erroneous.[7] Accordingly, the District Court ordered a new trial to "avoid the possibility that 'an innocent person may have been convicted.'"[8]

A few days later, Serrano filed a letter motion with the District Court arguing that a retrial was barred by the Double Jeopardy Clause of the United States Constitution. Specifically, Serrano renewed his argument that the evidence at his first trial was legally insufficient and contended that, because he had prevailed on his motion for a new trial and because there was insufficient evidence of his guilt, double jeopardy principles prohibited his retrial. The District Court denied Serrano's double jeopardy motion in a decision

---

he was in possession of ammunition you may find that the defendant knowingly possessed it.

*United States v. Serrano*, No. 16-cr-169, --- F. Supp. 3d ----, 2016 WL 7335666, at *5 (S.D.N.Y. Dec. 15, 2016). This instruction did not contain an "actual belief" proviso.

[5] *Id.* at *1.

[6] *Id.* at *1–*5.

[7] *Id.* at *5–*7.

[8] *Id.* at *7 (quoting *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007)).

issued on February 14, 2017.[9] The court found that since the retrial was a facet of Serrano's original jeopardy, the Double Jeopardy Clause did not bar the retrial.[10] The District Court also held that any appeal from the denial of the double jeopardy motion would be frivolous since no event had occurred to terminate Serrano's jeopardy, and "[c]laims of double jeopardy in a case where jeopardy had not terminated are 'no longer "colorable" double jeopardy claims which may be appealed before final judgment.'"[11]

Serrano appeals both the District Court's order denying his Rule 29 motion for a judgment of acquittal, and its order denying his motion to dismiss on double jeopardy grounds.[12] Serrano now files a motion with this Court seeking a stay of all District Court proceedings pending these appeals.[13] In response, the Government contends that we should deny Serrano's motion for a stay, dismiss the appeals for lack of jurisdiction, or, in the alternative, summarily affirm the District Court's order denying Serrano's double jeopardy motion.

---

[9] *United States v. Serrano*, No. 16-cr-169, 2017 WL 590321 (S.D.N.Y. Feb. 14, 2017).

[10] *Id.* at *1.

[11] *Id.* at *2 (quoting *Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984)).

[12] Serrano's Rule 29 appeal is docketed before us under No. 16-4321, while his double jeopardy appeal is docketed under No. 17-461.

[13] Serrano previously sought a stay pending appeal from the District Court at a pretrial conference on March 2, 2017, which the District Court denied.

**DISCUSSION**

Prior to addressing the motions filed by Serrano and the motion by the Government for summary affirmance, it is first necessary to determine whether we have jurisdiction over Serrano's appeals. Generally, our jurisdiction is limited to "final decisions of the district courts,"[14] which, in a criminal case, is marked by "conviction and imposition of sentence."[15] While Serrano has appealed before conviction or sentence, he invokes the collateral order doctrine, which provides an exception to this finality rule. To appeal an interlocutory order under the collateral order doctrine, the "order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."[16] We address each of Serrano's appeals in turn.

## I. Double Jeopardy Appeal

The Supreme Court has acknowledged that an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds may be appealed under the collateral order doctrine.[17] The

---

[14] 28 U.S.C. § 1291; *see Blue Ridge Invs., L.L.C. v. Republic of Arg.*, 735 F.3d 72, 79 (2d Cir. 2013).

[15] *Flanagan v. United States*, 465 U.S. 259, 263 (1984).

[16] *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995).

[17] *Abney v. United States*, 431 U.S. 651, 662 (1977); *see also Richardson*, 468 U.S. at 320.

appealability of a double jeopardy claim, however, "depends upon its being at least *colorable*, and . . . frivolous claims of former jeopardy may be weeded out by summary procedures."[18] A "colorable claim . . . presupposes that there is some possible validity to a claim."[19]

The Government, relying primarily on the Supreme Court's decision in *Richardson v. United States*, contends that Serrano's double jeopardy claim is not colorable and therefore not appealable under the collateral order doctrine. In *Richardson*, the Supreme Court considered whether a defendant whose trial resulted in a hung jury was nevertheless entitled to bring a double jeopardy claim contending that the insufficiency of the evidence at his first trial precluded retrial.[20] The Court held that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy," and "that the failure of the jury to reach a verdict is not an event which terminates jeopardy."[21] The *Richardson* Court further stated that "claims of double jeopardy such as [the defendant's] are *no*

---

[18] *Richardson*, 468 U.S. at 322 (citations and internal quotation marks omitted) (emphasis added).

[19] *Id.* at 326 n.6.

[20] *Id.* at 318–19.

[21] *Id.* at 325.

*longer* 'colorable' double jeopardy claims which may be appealed before final judgment."[22]

We agree with the Government that Serrano's double jeopardy claim is not "colorable." When a "trial has ended in a conviction, the double jeopardy guarantee imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside . . . . [unless the] conviction has been reversed because of insufficiency of the evidence."[23] Here, as in *Richardson*, no event has occurred to terminate Serrano's jeopardy from his original trial. He was not acquitted, and his guilty verdict was set aside for reasons unrelated to the sufficiency of the evidence against him. Although the jury rendered a guilty verdict against Serrano, no sentence was imposed nor judgment of conviction entered because Serrano successfully procured a new trial. Accordingly, just as the declaration of a mistrial does not terminate jeopardy, so also a jury verdict that is set aside for a new trial prior to the entry of a judgment of conviction does not terminate jeopardy. Serrano's original jeopardy is therefore ongoing. His claim of double jeopardy is thus not "colorable" and we lack jurisdiction to hear the claim.

Despite Serrano's arguments to the contrary, our decisions in *United States v. Wallach*,[24] *United States v. Allen*,[25] and *Hoffler v. Bezio*[26]

---

[22] *Id.* at 326 n.6 (emphasis added).

[23] *United States v. DiFrancesco*, 449 U.S. 117, 131 (1980) (citations, internal quotation marks and emphasis omitted).

[24] 979 F.2d 912 (2d Cir. 1992).

do not support the proposition that we have jurisdiction to review Serrano's interlocutory double jeopardy appeal simply because he challenges the sufficiency of the evidence against him. In both *Allen* and *Hoffler*, the defendants raised their sufficiency of the evidence challenges on appeal from a final judgment before retrial was ordered.[27] In contrast, no final judgment of conviction has ever been entered in Serrano's case. Accordingly, *Allen* and *Hoffler* have no bearing on our assessment of whether Serrano raises a "colorable" double jeopardy appeal.

Serrano's heavy reliance on our decision in *Wallach* is misplaced for another reason. In *Wallach*, we entertained an interlocutory double jeopardy appeal that included a sufficiency-of-the-evidence challenge, even though the defendant's conviction had been vacated on appeal and a new trial had been granted.[28] We did so, however, precisely because Wallach's double jeopardy claim *was* "colorable."

A prior panel had vacated Wallach's conviction "on the ground that the prosecution should have known that a Government witness's trial testimony was false" and had ordered a retrial.[29] In his

---

[25] 127 F.3d 260 (2d Cir. 1997).

[26] 726 F.3d 144 (2d Cir. 2013).

[27] *See Hoffler*, 726 F3d at 146–47, 149; *Allen*, 127 F.3d at 264.

[28] *Wallach*, 979 F.2d at 913–17.

[29] *Id.* at 913.

11

second appeal—an interlocutory appeal prior to retrial—Wallach argued that he was entitled not to be retried "when the prosecutor engage[d] in serious misconduct with the intention of preventing an acquittal."[30] Wallach's argument was an attempt to extend the holding in *Oregon v. Kennedy*, in which the Supreme Court held that the Double Jeopardy Clause barred a retrial where, to avoid an acquittal, the prosecutor engages in misconduct for the purpose of goading a defendant into moving for a mistrial.[31] Though the *Wallach* court ultimately rejected the defendant's claims on the merits, it noted that "there is force to Wallach's argument for some sort of extension" of the *Kennedy* principle.[32] Consequently, Wallach's claim was colorable, and is thus readily distinguishable from the double jeopardy claim brought by Serrano on this appeal.

## II.    Rule 29 Sufficiency-of-the-Evidence Appeal

The Government also argues that we lack jurisdiction over Serrano's appeal of the District Court's denial of his Rule 29 motion challenging the sufficiency of the evidence against him. In *United States v. Ferguson*, we determined that "denial of a Rule 29 motion does not fall within the narrow scope of the collateral order

---

[30] *Id.* at 915.

[31] 456 U.S. 667, 677–79 (1982).

[32] *Wallach,* 979 F.2d at 916.

doctrine."[33] For that reason, Serrano may not appeal the interlocutory order denying his Rule 29 motion.

## CONCLUSION

We have considered the other arguments raised by Serrano on appeal and find them to be without merit. To summarize, we hold that

(1) Serrano has not stated a colorable double jeopardy claim that may be appealed before final judgment, as no event has occurred to terminate his original jeopardy from his first trial; and

(2) Serrano's appeal of the denial of his Rule 29 motion does not fall within the scope of the collateral order doctrine and may not be appealed before final judgment.

Serrano's appeals are therefore **DISMISSED** for lack of appellate jurisdiction. All pending motions are **DISMISSED AS MOOT**.

---

[33] 246 F.3d 129, 138 (2d Cir. 2001).