*Riddick v. Maurer, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of April, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

_____

Jerome Riddick,

> *Plaintiff-Appellant*,

> v.                                                                          17-1685

Kathy Maurer, All sued in their individual and official capacities,
Edward Maldonado, All sued in their individual and official capacities,
William Mulligan, All sued in their individual and official capacities,
Brien Libel, All sued in their individual and official capacities, Carson
Wright, All sued in their individual and official capacities, Vikki Scruggs,
All sued in their individual and official capacities, Barbra Savoie, All sued
in their individual and official capacities, Ellen Durko, All sued in their
individual and official capacities,

> *Defendants-Appellees*.

_____

FOR DEFENDANT-APPELLANT:                Jerome Riddick, pro se, Suffield, CT.

FOR APPELLEE:                                    Robert B. Fiske, III, Assistant Attorney General,
                                                 *for* George Jepsen, Attorney General of the
                                                 State of Connecticut, Hartford, CT.

Appeal from orders of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part for lack of jurisdiction, and that the order of the district court denying injunctive relief is **AFFIRMED**.

Appellant Jerome Riddick, proceeding *pro se*, appeals from the district court's denial of his motions for certain discovery requests, appointment of counsel, and a temporary restraining order ("TRO") in his 42 U.S.C. § 1983 action against numerous Department of Corrections ("DOC") officials and staff who worked at the Northern Correctional Facility ("Northern"). Riddick asserted claims under the Eighth Amendment, arguing that defendants were deliberately indifferent to his medical needs when they refused to schedule medical appointments; failed to provide him with MRIs and x-rays; and failed to replace his mattress to treat his hip, neck, and back pain. Riddick filed numerous motions for a TRO to compel defendants to provide MRIs, x-rays, and a new mattress. Litigation is still proceeding in the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We note, as a threshold matter, that we lack jurisdiction to review Riddick's challenges to the orders denying his discovery requests and his motion for appointment of counsel because they are non-final orders. The finality requirement is jurisdictional, and we must consider it *sua sponte* even if it is not raised by the parties. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). A final order is "one that conclusively determines all pending claims of all the parties to the litigation,

2

leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). Here, the district court's orders did not end the litigation on the merits. Specifically, the court did not direct entry of a judgment under Federal Rule of Civil Procedure 54(b) or certify the orders for immediate appeal under 28 U.S.C. § 1292(b), and the orders do not fall into an exception listed in § 1292(a). Nor do any of the orders fall within the collateral order doctrine because they did not "resolve an important issue completely separate from the merits of the action" or make a determination that is "effectively unreviewable on appeal from a final judgment." *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995). Accordingly, Riddick's appeal from the orders denying his motions relating to discovery and counsel must be dismissed for lack of jurisdiction. *See In re W.R. Grace & Co.*, 984 F.2d 587, 589 (2d Cir. 1993) (stating that discovery orders are generally non-final and unappealable); *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (per curiam) (holding that an order denying *pro bono* counsel under 28 U.S.C § 1915(e) is non-final).

However, we do have jurisdiction to consider Riddick's appeal from the denial of his motions for a TRO. Under § 1292(a)(1), we may review interlocutory orders that grant, continue, modify, or deny injunctions. 28 U.S.C. § 1292(a)(1). While a TRO is not a final order and is generally not appealable, we may review an order denying a TRO when the order amounts to a denial of a preliminary injunction. *See Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 n.3 (2d Cir. 2010); *Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 361 (2d Cir. 2000) (per curiam). Although the distinction between a TRO and a preliminary injunction "is often subtle and difficult to draw," to determine whether an order qualifies as a TRO or preliminary injunction for purposes of § 1292(a)(1), courts look to such factors as "the subject matter of the order, its duration[,] and whether or not notice and hearing of both parties were had." *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964). Here, while the district court characterized Riddick's

3

motions as requests for a TRO, its order is best construed as a denial of a preliminary injunction: notice was given to the non-moving party—the district court ordered defendants to respond to the motions—and Riddick's motions sought some of the same relief requested in his underlying complaint: to order defendants to provide MRIs, x-rays, and a mattress. *See Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001) ("To qualify as an 'injunction' under § 1291(a)(1), a district court order must grant at least part of the ultimate, coercive relief sought by the moving party.").

We review the denial of a preliminary injunction for abuse of discretion. *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). "A district court has abused its discretion if it has (1) 'based its ruling on an erroneous view of the law,' (2) made a 'clearly erroneous assessment of the evidence,' or (3) 'rendered a decision that cannot be located within the range of permissible decisions.'" *Id.* (*quoting Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)). "District courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks omitted). Where the movant seeks mandatory relief that alters the status quo, the district court may only grant relief where there is a "a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011).

We conclude that the district court did not abuse its discretion by denying Riddick's motions because he failed to clearly establish that his claims had a likelihood of success on the

4

merits. To establish a constitutional claim for deliberate indifference to his serious medical needs, a prisoner must establish, (1) objectively, that the alleged deprivation of medical care was "sufficiently serious," and, (2) subjectively, that the defendants acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). "[T]he [defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence will not suffice. *Id.* at 838.

Riddick failed to demonstrate that defendants were deliberately indifferent to his medical needs by delaying medical appointments. Rather, the documents attached to his complaint show that defendants scheduled appointments with prison medical staff after he complained of back pain.

His claims concerning the denial of MRIs, x-rays, and a new mattress do not have a likelihood of success on the merits because they appear to constitute mere disagreements over treatment. Decisions concerning the necessity of diagnostic exams and certain forms of treatment raise issues of medical judgment that do not constitute deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray—or additional diagnostic techniques or forms of treatment—is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Rather, "a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (concluding that officials were not deliberately indifferent to the medical needs of a prisoner who wanted stronger pain medication); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not

5

create a constitutional claim."). "[T]he essential test is one of medical necessity and not one simply of desirability." *Hill*, 657 F.3d at 123 (internal quotation marks omitted). Riddick's claim that defendants were deliberately indifferent to his medical needs by initially denying MRIs or x-rays likely fails because it constitutes a dispute over appropriate treatment. *See id.* Moreover, the record reveals that Riddick has received various treatments: he was prescribed painkillers, underwent MRIs, consulted with an orthopedic specialist, and received injections. Because this treatment appears adequate, Riddick's claim of deliberate indifference based on his request for a new mattress is unlikely to succeed on the merits. *See Chance*, 143 F.3d at 703.

While Riddick also argues that defendants failed to ensure that the orthopedic specialist addressed all of his conditions, he has not demonstrated that this was the result of their recklessness. He presents no evidence that the staff at Northern intended to misinform the orthopedic specialist, and defendants have presented evidence that Riddick's visit was intended to address all of his conditions, and that they scheduled additional follow-up appointments for MRIs and procedures with the specialist.

Finally, Riddick's argument that the district court improperly decided the motion for a TRO without holding an evidentiary hearing to determine the quality of his mattress is unavailing. "[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). A hearing is not required for a preliminary injunction "when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) (citation omitted). Here, a hearing was not necessary to determine whether Riddick's mattress was adequate, because, even assuming the mattress did not

6

meet DOC's standards, Riddick failed to show that defendants recklessly failed to provide one with the knowledge that it was medically necessary.   Accordingly, the district court did not abuse its discretion by denying Riddick's motion for a preliminary injunction.

We have considered Riddick's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal from the orders denying discovery and appointment of counsel and **AFFIRM** the order of the district court denying injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court