Zimmerman v. UBS AG

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty.

PRESENT:
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————————

Robert Zimmerman,

*Plaintiff-Appellant*,

v.                                                                  18-3185

UBS AG, UBS Group AG, UBS Securities LLC, UBS Financial Services, Inc., UBS Americas Holding L.L.C., Charles Schwab & Co., Inc., Ernst & Young LLP, Charles Schwab, Walt Bettinger, Axel Weber, Michel Demare, Tom Naritil, Markus Diethelm, Sergio Ermotti, William Parrett, Ann Godbeher, Isabelle Romy, Beatrice Weder di Mauro, Reto Francioni, Robert McCann, Marie-Laure DeLaure, Troy Butner,

*Defendants-Appellees*.

———————————————————————————

**FOR PLAINTIFF-APPELLANT:**              Robert Zimmerman, pro se, Hampstead, NC.

**FOR DEFENDANTS-APPELLEES:**  Evan Glassman, Charles A. Michael, Steptoe & Johnson LLP, New York, NY (*for* Walt Bettinger, Charles Schwab & Co., Inc., and Charles Schwab).

Richard T. Marooney, King & Spalding LLP, New York, NY (*for* Ernst & Young LLP).

David L. Goldberg, Katten Muchin Rosenman LLP, New York, NY (*for* UBS AG, UBS Group AG, UBS Securities LLC, UBS Financial Services, Inc., UBS Americas Holding L.L.C, Axel Weber, Michel Demare, Tome Naritil, Markus Diethelm, Sergio Ermotti, William Parrett, Ann Godbeher, Isabelle Romy, Beatrice Weder di Mauro, Reto Francioni, and Robert McCann).

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant Robert Zimmerman, pro se, sued UBS Group AG, its subsidiaries, and individual employees ("UBS defendants"); Ernst & Young LLC ("EY"); and Charles Schwab & Co. and certain of its individual employees ("Schwab defendants") for securities violations. The Schwab defendants moved to compel arbitration and the other defendants moved to dismiss the complaint. In addition, the Schwab defendants and Zimmerman moved for sanctions against each other. The district court dismissed the claims against EY and the UBS defendants and denied the motions for sanctions. The court granted Schwab's motion to compel arbitration, stayed the proceedings, and administratively closed the case until arbitration was completed. We assume the parties'

2

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

The appeal is dismissed for lack of appellate jurisdiction because Zimmerman has appealed from a nonfinal order. The Federal Arbitration Act provides:

> (a) An appeal may be taken from—
>     (1) an order— . . .
>         (D) confirming or denying confirmation of an award or partial award, or
>         (E) modifying, correcting, or vacating an award; . . . [or]
>     (3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a)(1), (3). The term "final decision" as used in § 16(a)(3) "has a well-developed and longstanding meaning"; it is "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (internal quotation marks omitted).

Here, the district court did not enter a final decision or any other order that is appealable under § 16(a)(1) or (3). The district court granted the Schwab defendants' motion to compel arbitration and stayed proceedings pending conclusion of the arbitration. The district court's administrative closure of the case does not constitute a final decision: there is "no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which we will assume was made for administrative or statistical convenience." *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993). Nor does it amount to an appealable dismissal. *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) ("The *dismissal* of an arbitrable matter that properly should have been stayed effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order." (emphasis added)). As a result, the district court's order to "close" the case with leave to reopen within 30 days of the conclusion of arbitration proceedings functionally

3

amounted to a stay of the proceedings, notwithstanding that the case would end if the parties chose not to reinstate it.

The remaining portions of the order, in which the court dismissed the other defendants and denied sanctions, are also not immediately appealable. *See* 28 U.S.C. § 1292(a). They are not subject to a partial judgment that the court could have, but did not, enter under Federal Rule of Civil Procedure 54(b). Finally, jurisdiction over the appeal is not rescued by the collateral order doctrine because the district court's order is not "effectively unreviewable on appeal from a final judgment." *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995). The district court's order granting the motion compelling arbitration, dismissing the claims against EY and the UBS defendants, and denying the sanctions motions may all be reviewed after a final judgment is entered.

For the foregoing reasons, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4